O

# United States District Court
# Central District of California

| | |
|---|---|
| LORI MANNARINO; SAM TREIHAFT,<br><br>Plaintiffs,<br><br>v.<br><br>FAY SERVICING LLC; PROF-2013-M4 REO I LLC; PROF-2013-S REMIC TRUST III; STRUCTURED FINANCIAL SERVICES-PROF; U.S. NATIONAL BANK ASSOCIATION; U.S. ROF III LEGAL TITLE TRUST 2015-1; BARRETT, DAFFIN, FRAPPIER, TREADER AND WEISS LLP; BDF LAW GROUP; BEN MORRIS; TYRONE BELL; JEN JOLLS; MICHAEL SCHUSTER; VIKKI M. PALUMBO; E. STEWART; TANYA MCCULLAH; ERICA JONES; CLAYTON GOFF; TALISHA WALLACE; YOMARI QUINTANILLA; DAYNA BUCARO; MICHAEL MCGEE; TITLE 365; DOES 1–10 INCLUSIVE,<br><br>Defendants. | Case No. 2:15-cv-02409-ODW(PLAx)<br><br>**ORDER GRANTING PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR TEMPORARY RESTRAINING ORDER [3]** |

## I.   INTRODUCTION

On April 1, 2015, Plaintiffs Lori Mannarino and Sam Treihaft filed an eight-

count Complaint against the twenty-two named Defendants in the above caption. (ECF No. 1.) The Complaint alleges that Defendants conspired to impose and collect a "non-existent debt" from Plaintiffs and now seek to foreclose on Plaintiffs' home. (*Id.* ¶ 40.) On the same day Plaintiffs filed their Complaint, they also filed an *Ex Parte* Application for Temporary Restraining Order (the "TRO Application"). (ECF No. 3.) The TRO Application seeks to enjoin Defendants from executing a foreclosure sale of Plaintiffs' home set to occur on April 21, 2015 at 11:00 a.m.

## II. LEGAL STANDARD

A court may issue an *ex parte* temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Although the requirements in Rule 65(b) are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974). "The standard for issuing a temporary restraining order without notice to the adverse party is very stringent, and the burden on the movant to show why notice is not required is accordingly very high." *Shallman v. Ocwen Loan Servicing, LLC*, No. 14-cv-0863, 2014 WL 2533836, at *2 (C.D. Cal. June 5, 2014). "The Ninth Circuit has cautioned that there are very few circumstances justifying the issuance of an ex parte TRO." *Caldwell v. Wells Fargo Bank, N.A.*, No. 13-cv-1344, 2013 WL 3789808, at *3 (N.D. Cal. July 16, 2013) (citing *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)).

## III. DISCUSSION

An error by the Court creates an unusual procedural posture. On the date this case was filed, the requirements of Rule 65(b)(1) were not satisfied. The harm was

not "immediate" as the foreclosure sale was three weeks away, and there was no reason to prevent Defendants from being heard. At the time, the Court decided to wait for a response from Defendants. An *ex parte* order was simply unnecessary. Plaintiffs requested a summons the same day they filed the Complaint and their TRO Application. The Court, however, let the request slip through the cracks and finally issued the summons yesterday—fifteen days after the case was filed. As a result, Defendants have not been served with the Complaint and are yet to appear in this suit. The foreclosure sale is now only five days away.

The Court must now decide whether to enjoin a party that has not been served with process and has not appeared. While Plaintiffs mailed several Defendants a copy of the TRO Application, no Defendant has seen the actual Complaint. Due process demands better. Had the Court issued the summons when requested and Plaintiffs immediately effectuated service of process, the Court would likely not find itself in this situation. The Court accepts responsibility for this error.

The requirements under Rule 65(b)(1) were not met on April 1, 2015, but they are satisfied today. The Complaint is verified, the harm is now immediate, the damage is irreparable, and Plaintiffs did everything in their power to provide notice to Defendants by mailing copies of the TRO Application. *See* Fed. R. Civ. P. 65(b)(1); *Osorio v. Wells Fargo Bank*, No. 12-cv-02645, 2012 WL 1909335, at *3 (N.D. Cal. May 24, 2012) ("Many courts have recognized that losing one's home through foreclosure constitutes irreparable harm."). A court's failure to properly issue a summons constitutes one of the "very few circumstances justifying the issuance of an *ex parte* TRO." *Caldwell*, 2013 WL 3789808, at *3. A procedural error by the Court should not deny Plaintiffs one last opportunity at saving their home.

## IV. CONCLUSION

The Court hereby **GRANTS** Plaintiffs' *Ex Parte* Application for Temporary Restraining Order. (ECF No. 3.) The Court **ORDERS** as follows:

(1) Defendants are enjoined and restrained from proceeding with the sale of

Plaintiffs' property until further order of the Court;

(2) The parties are ordered to appear at a preliminary injunction hearing on **Wednesday, April 29, 2015 at 9:30 a.m.** in Courtroom 9, United States Courthouse, 312 N. Spring St., Los Angeles, California 90012. Defendants shall file a response to Plaintiffs' TRO Application no later than Monday, April 27, 2015 at 12:00 p.m. Defendants' response shall primarily focus on Plaintiffs' likelihood of success on the merits;

(3) Upon request by Defendants, the Court may require Plaintiffs to provide reasonable security in the event a preliminary injunction issues, as required by Federal Rule of Civil Procedure 65(c); and

(4) Plaintiffs shall immediately (a) effectuate service of process pursuant to Federal Rule of Civil Procedure 4, (b) serve each Defendant with a copy of this Order, and (c) file proof of service with the Court no later than Monday April, 20, 2015 at 5:00 p.m.

**IT IS SO ORDERED.**

April 17, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**