O

# United States District Court
# Central District of California

| | |
|---|---|
| LORI MANNARINO; SAM TREIHAFT, <br><br> Plaintiffs, <br><br> v. <br><br> FAY SERVICING LLC; PROF-2013-M4 REO I LLC; PROF-2013-S REMIC TRUST III; STRUCTURED FINANCIAL SERVICES-PROF; U.S. NATIONAL BANK ASSOCIATION; U.S. ROF III LEGAL TITLE TRUST 2015-1; BARRETT, DAFFIN, FRAPPIER, TREADER AND WEISS LLP; BDF LAW GROUP; BEN MORRIS; TYRONE BELL; JEN JOLLS; MICHAEL SCHUSTER; VIKKI M. PALUMBO; E. STEWART; TANYA MCCULLAH; ERICA JONES; CLAYTON GOFF; TALISHA WALLACE; YOMARI QUINTANILLA; DAYNA BUCARO; MICHAEL MCGEE; TITLE 365; DOES 1–10 INCLUSIVE, <br><br> Defendants. | Case No. 2:15-cv-02409-ODW(PLAx) <br><br> **ORDER DENYING PRELIMINARY INJUNCTIVE RELIEF; ORDER TO SHOW CAUSE IN RE RULE 11 SANCTIONS** |

On May 20, 2015, the Court Granted Plaintiffs' second *Ex Parte* Application for Temporary Restraining Order. (ECF No. 36.) The Order enjoined Defendants

from conducting a foreclosure sale of Plaintiffs' home and, pursuant to Federal Rule of Civil Procedure 65, set a preliminary injunction hearing for June 1, 2015. (*Id.* at 2.) At the June 1 hearing, the Court heard arguments from both parties regarding Plaintiffs' likelihood of success on the merits. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). In light of the *res judicata* issues surrounding Plaintiffs' previous unsuccessful litigation in state court, the merits inquiry tips sharply in favor of Defendants. The Court will fully explore the applicability of *res judicata* to Plaintiffs' Complaint when adjudicating Defendants' pending Motion to Dismiss. (ECF No. 37.) For the purposes of complying with Rule 65, the Court hereby **DENIES** Plaintiffs request for preliminary injunctive relief and **DISSOLVES** its previous Order Granting Plaintiffs' *Ex Parte* Application for Temporary Restraining Order. (ECF No. 36.)

Federal Rule of Civil Procedure 4 authorizes service pursuant to state law "in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Under California law, a plaintiff may serve an out-of-state defendant by mail if the plaintiff uses first-class mail *and* a return receipt. Cal. Civ. Proc. Code § 415.40.

In the last two months, Plaintiffs refused to comply with the service rules and violated orders from this Court on numerous occasions. On April 17, 2015, the Court granted Plaintiffs' *Ex Parte* Application for Temporary Restraining Order on the sole basis that the Court erred in issuing the summons in a timely fashion. (ECF No. 15.) The Court, however, admonished Plaintiffs for filing the *Ex Parte* Application without providing sufficient notice to the out-of-state Defendants and failing to make any attempt to serve the Complaint. (*Id.*) The Court ordered Plaintiffs to "immediately (a) effectuate service of process pursuant to Federal Rule of Civil Procedure 4, (b) serve each Defendant with a copy of this Order, and (c) file proof of service with the Court." (ECF No. 15 at 4.)

Plaintiffs failed to comply with the Court's Order. Plaintiffs did not effectuate service and allegedly sent a copy of the Court's Order, via non-certified mail, to only

nine of the twenty-one out-of-state defendants in the case. (ECF No. 18.) At the April 29, 2015 hearing, the only parties in attendance, unsurprisingly, were Plaintiffs. The Court advised Plaintiffs that they must comply with Rule 4 before they can seek any further relief in this Court. (ECF No. 20.)

On May 15, 2015, Plaintiffs filed sufficient proof of service for only eleven of the defendants. (ECF Nos. 25–35.) Despite not serving all Defendants, Plaintiffs filed a second *Ex Parte* Application for Temporary Restraining Order. (ECF No. 21.) And similar to their first Application, Plaintiffs' did not provide sufficient notification to the out-of-state Defendants—Plaintiffs merely filed a declaration that they mailed their second *Ex Parte* Application, non-certified mail, to only nine of the out-of-state defendants. (ECF No. 24.) Two days later, the Court granted the Application, and in doing so, specifically ordered Plaintiffs to "immediately serve each Defendant with a copy of this Order and file proof of service with the Court." (ECF No. 36.) In response to the Court's Order, Plaintiffs filed a declaration from an unknown third-party who claims he sent a copy of the Court's order, via non-certified mail, to only nine of the out-of-state defendants. (ECF No. 44.) At the June 1, 2015 hearing, counsel for several of the defendants informed the Court that her clients never received any the *ex parte* applications or Court orders in the case.

Despite the Court's repeated instructions, Plaintiffs refused to comply with the basic rules regarding service and the orders from the Court. The effect of this noncompliance was an unnecessary delay in resolving Plaintiffs' *ex parte* applications. However, it appears that this was a calculated effort to abuse the legal system to delay the foreclosure sale on their home. The Court does not appreciate Plaintiffs' apparent attempt to waste judicial time and resources.

Federal Rule of Civil Procedure 11(b) authorizes sanctions for filings made "for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b). Plaintiffs are hereby **ORDERED TO SHOW CAUSE**, in writing, no later than **June 26, 2015**, why the

Court should not impose sanctions pursuant to Rule 11(b)(1). The Court will hear arguments from Plaintiffs on this matter at the hearing scheduled for June 29, 2015, at 1:30 p.m.

**IT IS SO ORDERED.**

June 2, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**